**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony Edward GLASGOW, Defendant–Appellant.**

**No. 08–30049.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 16, 2008.

---

524

Adrian Lee Brown, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Craig Eliot Weinerman, Assistant Federal Public Defender, Federal Public Defender's Office, Eugene, OR, for Defendant–Appellant.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER,* District Judge.

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

A jury convicted Anthony Glasgow of possession of five grams or more of a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Glasgow appealed his original sentence, and this court remanded pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). On remand, the district court resentenced Glasgow to seventy-seven months. Glasgow appeals, arguing that (1) the sentence was flawed under *United States v. Hollis*, 490 F.3d 1149 (9th Cir.2007) because the record does not support a finding that Glasgow was convicted of possessing crack cocaine; (2) the district court failed, as a procedural matter, to address Glasgow's non-frivolous arguments under 18 U.S.C. § 3553(a); and (3) the sentence was substantively unreasonable. We affirm.

### A. *Charging Error*

When an indictment charges a defendant with possession of cocaine base in general rather than specifying crack cocaine, the district court must determine whether that error was harmless beyond a reasonable doubt. *Hollis*, 490 F.3d at 1157. After reviewing the entirety of the record, we conclude that there is overwhelming and uncontroverted evidence that the substance at issue was crack cocaine. The witnesses' testimony referred to the substance as "crack," "rock," and "chunks"—all terms that are consistent with the crack cocaine form of cocaine base. The witnesses' minor references to cocaine or powder were within the context of an implicit understanding that the narcotics were crack cocaine. Moreover, the drugs themselves and a photograph of how they appeared when they were seized at Appellant's business were admitted into evidence. The substance shown to the jury consisted of small white chunks, which is consistent with a finding that it was crack cocaine.

Appellant's reliance on the "close case" of *United States v. Padilla*, 520 F.3d 766, 771 (7th Cir.2008) is unavailing. There are significant discrepancies between the evidence in *Padilla* and the evidence available here. In *Padilla*, the actual drugs had been destroyed prior to trial, there were two conflicting laboratory reports regarding the nature of the drugs, and a "cooperative individual" gave conflicting statements describing the drugs. *Id.* at 769–70. Here, the testimony referenced the actual drugs that were shown to the jury, the record contains a photograph of the drugs as seized, and there was no analogous conflict in the record regarding the nature of the substance.

Because there was no evidence contradicting a finding that this was indeed crack cocaine, the charging error was harmless beyond a reasonable doubt.

### B. *Procedural Reasonableness*

Appellant further contends that the district court committed procedural error in rejecting Appellant's arguments in favor of a lower sentence. Under *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) and *United States v. Carty*, 520 F.3d 984 (9th Cir.2008) (en banc), this Court must determine whether the sentencing judge adequately considered the parties' arguments and gave a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sufficient explanation supporting his sentence given the circumstances. Here, the district court accepted written briefing from the parties, listened to extensive argument on resentencing, and stated that he considered the 18 U.S.C. § 3553(a) factors in making his decision. In addition, the district court indicated that he was concerned about "defendant's continued possession of firearms, which was established in this case and his prior history in that regard." There is no requirement that the district court expressly address each of the factors or issue a written opinion to support his decision. The Court is sensitive to the particular sentencing issues that arise in crack cocaine cases. A district court, however, is not required to defend the alleged disparities that arise under the current sentencing scheme in every crack cocaine case. The Court is satisfied that the sentencing judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *See Rita,* 127 S.Ct. at 2468.

### C. *Substantive Reasonableness*

■ Finally, the Court holds that the sentence was substantively reasonable. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Here, the district court did not abuse its discretion in imposing a sentence on the low-end of the advisory guideline range. Appellant was subject to a mandatory minimum sentence of sixty months, and the district court reasonably concluded that the circumstances of this offense and

Appellant's criminal history warranted a sentence of seventy-seven months.

**AFFIRMED.**